UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 11, 2025

**LETTER ORDER**

Re:  *Filgueiras v. Midland Funding, LLC, et al.*,
Civil Action No. 16-3037 (ES) (JSA)

Dear Counsel:

On May 26, 2016, Josefa Filgueiras ("Plaintiff") initiated this action on behalf of herself and others similarly situated against Midland Credit Management, Inc. and Midland Funding, LLC (together, "Defendants") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). (D.E. No. 1 ("Complaint")). On April 28, 2024, this Court denied Plaintiff's motion for class certification *without prejudice*. (D.E. Nos. 118 & 119). The Court ordered Plaintiff to file a letter stating whether she intended to renew her motion for class certification within seven days and file such motion within thirty days of the Court's order denying class certification. (D.E. No. 119 at 1). On April 25, 2025, Plaintiff informed the Court that she intended to file a renewed motion for class certification. (D.E. No. 120). On May 10, 2024, Plaintiff requested an extension of time to brief her forthcoming renewed motion for class certification, with a new return date of August 19, 2024, which the Court granted. (D.E. Nos. 121 & 122). On June 21, 2024, Plaintiff requested a second extension of time to brief her forthcoming renewed motion for class certification, with a new return date of September 16, 2024, which the Court granted. (D.E. Nos. 123 & 124).

On July 24, 2024, Plaintiff advised the Court that she would not be filing a renewed motion for class certification because counsel "c[a]me to the conclusion that the record in this action does not present facts upon which Plaintiff could sufficiently address the concerns expressed by the Court which led to its denial of Plaintiff's prior class certification motion." (D.E. No. 125). In the same submission, Plaintiff's counsel informed the Court that "Defendants have already raised standing questions in the wake of *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)." (*Id.*). Thus, Plaintiff made clear her position that "this Court's subject matter jurisdiction should be resolved before proceeding to other issues." (*Id.*). By way of brief background, Defendants' letter brief and supplemental authority submitted in opposition to Plaintiff's motion for class certification challenged, in light of *TransUnion*, the putative class members' Article III standing to bring FDCPA claims. (D.E. Nos. 105 & 117). In light of these representations, the Court ordered that the parties meet and confer to propose a briefing schedule on a forthcoming motion to dismiss the Complaint for lack of subject matter jurisdiction in light of *TransUnion*. (D.E. No. 126). The parties responded with a joint submission outlining their positions. (D.E. No. 127). Plaintiff was

prepared to move the Court for a determination on subject matter jurisdiction and Defendants stated that they would not be moving to dismiss the Complaint for lack of standing. (*Id.* at 1–2).

Subsequently, in light of the aforementioned confusion, the Honorable Jessica S. Allen, U.S.M.J., issued an Order to Show Cause directing Plaintiff to establish that she has Article III standing and why the individual claims in her Complaint should not be dismissed for lack of subject matter jurisdiction. (D.E. No. 128). In response to Magistrate Judge Allen's Order to Show Cause, both parties asserted that Plaintiff has Article III standing. (D.E. Nos. 129 & 132). Moreover, in addition to responding to the Order to Show Cause, Defendants moved for sanctions arguing that Plaintiff sought to "manufacture" the dismissal of her lawsuit. (D.E. No. 132 at 2).

On August 22, 2025, after the conclusion of briefing on the Order to Show Cause, Magistrate Judge Allen issued a report and recommendation, wherein Judge Allen recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. (D.E. No. 134 ("Report and Recommendation" or "R&R") at 5–13). Magistrate Judge Allen also recommended that Defendants' request for sanctions be denied. (*Id.* at 14–15). To date, no party has filed any objections to Magistrate Judge Allen's R&R.

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes). Here, the Court independently reviewed the record and Magistrate Judge Allen's R&R without oral argument, *see* Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b), and finds no clear error on the face of the record. Thus, having reviewed the parties' submissions and Magistrate Judge Allen's unopposed R&R, and for the reasons stated therein and for good cause shown,

**IT IS** on this 11th day of September 2025,

**ORDERED** that this Court **ADOPTS** Magistrate Judge Allen's unopposed Report and Recommendation (D.E. No. 134) in full as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. No. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Defendants' request for sanctions (D.E. No. 132) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED**.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**